REDMANN, Judge.
Juvenile Terri Thacker, now 16 years old, was adjudicated delinquent on the ground that she committed a simple battery. Five days before the expiration of her six-month commitment to the Department of Corrections, she was released on parole. She was thereafter charged with parole violation because she ran away from the home of her grandparents, to whom she had been released.
The record solidly justifies concern for the juvenile’s wellbeing. That concern expressly motivated the trial judge to order her committed for up to a year, and it is from that disposition that she now appeals. The problem with that best-intended disposition is that La.C.J.P. 89B disallows commitment “for a period exceeding the maximum term of imprisonment for the offense forming the basis for the adjudication.” The maximum imprisonment for simple battery is six months, R.S. 14:35, and the maximum imprisonment for parole violation is the remainder of the original sentence, R.S. 15:574.9E.
The State’s argument that R.S. 15:574.13 makes § 574.9 inapplicable to juveniles misses the point. We do not apply § 574.9 to release the juvenile as if she were an adult; we apply art. 89B to release her because § 574.9 would release an adult and art. 89B prohibits holding a juvenile longer than an adult could be held for the same offense.
Accordingly, on the charge of parole violation under our circumstances, insofar as the commitment exceeded five days it must be set aside and reduced to five days.
The evident need for society’s intervention to help this juvenile must be fulfilled, if at all, on some basis other than this petition based on parole violation as a runaway.
The disposition is amended by reducing commitment to five days, and the juvenile is ordered discharged forthwith, as soon as possible after this judgment is handed down.