LDALEY, J.

PROCEDURAL HISTORY

On December 19, 1999, A.H. was charged with violating La. R.S. 14:67.10, theft of goods valued at less than a $100.00. A.H. admitted to the charge and on May 24, 2000, at the disposition hearing, the minutes reflect the Court sentenced A.H. to “DPSC/LTI for six months or until her 21st birthday, whichever was sooner.” The trial court suspended the six months and placed A.H. on active probation for 2 years. A probation contract was executed in court. In a separate order, the court took protective custody of the juvenile and placed A.H. in the custody of the Department of Public Safety and Corrections/Office of Youth Development (DPSC/OYD) for purposes of placement in a residential treatment facility.
On June 29, 2000, at a review hearing, the DPSC/OYD advised the court that a bed would soon be available for A.H. at Evangeline Oaks, a residential treatment facility. A control date for placement status was set for July 28, 2000, at which time [cDPSC/OYD reported that A.H. was placed at Evangeline Oaks. The record indicates that A.H. was placed in Evangeline Oaks on June 30, 2000. A review hearing for placement was set for October 5, 2000, at which DPSC/OYD reported that A.H. was doing well. The court approved a weekend pass at that time and another review hearing was set for January 25, 2001. On October 7, 2000, while on her weekend pass, A.H. ran away. An arrest warrant was issued for violation of probation as a runaway, and she was arrested on November 8, 2000. A.H. stayed at Ri-varde Detention Center (Rivarde) pending her revocation hearing set for November 13, 2000. At the revocation hearing, the court withheld its decision and referred A.H. to the Corrections Option Program (COPS). A hearing was set for November 27, 2000 to determine if A.H. was eligible to participate in COPS. The record indicates that the hearing was continued until November 30, 2000.
At the hearing on November 30, 2000, A.H. was determined to be COPS program eligible. The juvenile court suspended the disposition of commitment to LTI and executed a second probation contract. The court also ruled that the custody previously awarded to DPSC/OYD was revoked and the State was relieved of any further supervision. The court then authorized the juvenile’s release from Rivarde back to the custody of her parents, ordering all parties to fully cooperate with the terms and conditions of the COPS program. The court set a review hearing for January 25, 2001. A.H. failed to appear for the January 25th, hearing and was reported to be a runaway. The court issued a warrant for A.H.’s arrest for violation of the probation contract as a runaway, and ordered A.H. to be brought to Rivarde. A revocation of probation was filed, and the case was continued without date until A.H.’s arrest.
140n February 8, 2001, A.H. was arrested.[1] A revocation hearing was held on February 12, 2001. The court imposed the previously suspended sentence of six months at LTI. The court gave credit only for time served in secure detention. The court ordered the DPSC/OYD to remove the juvenile from Rivarde and take physi *364 cal custody of the juvenile within 14 days from the signing of the judgment.
Ten days later on February 22, 2001, A.H. was brought into the Juvenile Reception and Diagnostic Center, where her time to be spent in custody was calculated. It was determined by DPSC/OYD that based on the time spent in “custody” since May 24, 2000, A.H. would be required to remain at Jetson Correctional Center only until March 2, 2001, to satisfy the six month sentence.
The DPSC/OYD filed a Motion to Terminate Disposition on March 5, 2001 alleging that A.H.’s six-month sentence was satisfied as of March 1, 2001 (emphasis added). The hearing for this motion was set on March 15, 2001. The court denied the motion and granted A.H. credit for time served only in a “secure” facility, which did not include time spent at Evangeline Oaks.
The DPSC applied for writs to this court on April 16, 2001.[2] This court granted the writ of review and, for judicial efficiency, ordered it consolidated for consideration with the issues raised by DPSC in appeal 01-KA-0427. This court in its writ disposition held that the issue of how a juvenile’s time should be computed for release is res nova, and that the issue is one better suited for briefing, argument and opinion following lodging of the record, than writ action.
IsOn appeal, the DPSC argues that the juvenile court erred in prohibiting them from counting the time spent in tíie DPSC’s custody in a non-secure facility as time served in satisfaction of the sentence. The State did not submit a brief in this matter. Judge Andrea Janzen, of the Jefferson Parish Juvenile Court, stated in her extensive Reasons for Judgment in this matter that the Children’s Code makes no provision to give credit for time spent in treatment at a non-secure placement. Judge Janzen went on to hold that Evangeline Oaks was a non-secure placement, and time spent there was not to be credited as time served. A.H. did receive credit for time served at Rivarde Detention Center in accordance with Ch.C. art. 900(A). Judge Janzen noted that Ch.C. art. 900(A) requires that the court give credit for time spent in secure detention prior to the imposition of disposition.

ASSIGNMENTS OF ERROR

1. It is an error for a court exercising juvenile jurisdiction to prohibit the Department from counting the time spent in the Department’s custody in a nonsecure facility as time served in satisfaction of the sentence.
2. It is error of law for a court exercising juvenile jurisdiction to prohibit the Department from counting the time spent in a nonsecure facility when it results in a juvenile serving in excess of the amount of time that an adult could serve for the same offense.
Both Assignments of Error raise similar issues and will be addressed simultaneously.

LAW

The Louisiana Children’s Code Art. 915(A) states:
A. When revoking a previous order of probation, the court may reinstate the original suspended or deferred disposition order and commit the child to the Department of Public Safety and Corrections for the term of that order, with credit for any time served in secure | ^detention prior to the revocation hearing and with or without credit for time served on probation, in the dis *365 cretion of the court. In no event shall the term of commitment exceed the maximum term of imprisonment for the offense forming the basis for the original adjudication. (Emphasis added.)
This article closely parallels C.Cr.P. art. 900(A)(5) and C.Cr.P. 880, which state:

C.Cr.P. art. 900 Probation revocation; limitations upon restraint

(5) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing.

C.Cr.P. art. 880 Credit for prior custody

A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
La. Ch.C. art. 915 essentially states that if the court revokes the order of probation of a juvenile, the court may reinstate the original sentence and commit the juvenile to DPSC. If the court does reinstate the sentence, it must give credit for time served in a secure detention center and may give credit for time served on probation. (Emphasis added.)
The Department of Public Safety and Corrections Services department regulation No. B-04-002(P), which was submitted to the court, defines “secure detention” as:
Secure Juvenile Institution — An institution, inclusive of sub-units, that is used exclusively for juveniles who have been adjudicated delinquent and is characterized by a perimeter fence and exclusive staff and physical facility control over the rights of its residents to enter or leave the premises on a twenty-four hour basis through a controlled entrance.
The following institutions, inclusive of sub-units, are considered secure juvenile institutions:
Bridge City Correctional Center for Youth
Jetson Correctional Center for Youth
17Jena Juvenile Justice Center
Swanson Correctional Center for Youth
Tallulah Correctional Center for Youth
The DPSC/OYD admits, both in its Application for Writ of Review and in its appellate brief, that Evangeline Oaks is a non-secure facility under contract with the DPSC. The DPSC/OYD argues that once the juvenile is placed in its custody, it is the DPSC that calculates the running of time. DPSC/OYD also argues that under La.C.Cr.P. art. 880, the juvenile shall receive credit for time spent in custody of the DPSC/OYD prior to the imposition of the sentence. Specifically, the Department argues that the time A.H. spent in Evangeline Oaks is considered time spent in the custody of the DPSC/OYD, and for which A.H. should be given credit for time served. The trial judge’s position is that A.H. should only receive credit for time served in secure detention.
We agree with the trial judge. We find that the time A.H. spent at Evangeline Oaks should not be calculated as time served toward the sentence of six month detention. The trial court suspended the six month sentence to LTI and invoked a two year probationary period subject to a probation contract executed in court. The court then awarded “protective” custody to the DPSC/OYD in order to place A.H. in a residential treatment facility to provide her with substance abuse treatment, sexual abuse therapy, and individual counseling. The residential placement was based on the predisposition investigation report *366 submitted to the court, which found an unstable home life, frequent school absences, instances of attempted sexual abuse, in addition to being raped by her cousin, substance abuse by A.H., attempted suicide by A.H., several runaways from the home, gang involvement, and possible substance abuse by her mother and father. In Dr. Patrick Dowling’s report, he recommended |sa placement outside the home because the family has not been able to provide a safe and nurturing environment for A.H. Dr. Harold Dawley recommended in his report that A.H. be placed in a residential treatment facility and that she receive individual counseling, family counseling, and sexual abuse counseling. In light of these reports, we find that the placement of A.H. in Evangeline Oaks was not a “detention” custody, but rather a protective custody for treatment. The record indicates that the Order granting custody, executed by the juvenile court on May 24, 2000, placed A.H. in protective custody having determined that to allow A.H. to remain in the home would be contrary to her welfare and that reasonable efforts were made to prevent the removal or eliminate the need for removal and to make it possible for the child to return to her home. Further, in the juvenile court’s Reasons for Judgment, which denied the termination of disposition, the court stated that:
When the Court made its ruling at the disposition of this matter, it suspended the six-month sentence and placed A.H. on probation. It was therefore not the intention of this Court at that time to begin the running of A.H.’s sentence when it placed her in the custody of the Department. The intention was merely to afford this juvenile with every opportunity for the rehabilitation in the least restrictive appropriate setting as provided by law.
Based on the foregoing, we find that the placement in the Evangeline Oaks treatment facility was protective custody to the DPSC/OYD and not a detention custody.
Having found that A.H.’s time spent at Evangeline Oaks to be protective custody, we hold that the juvenile court did not abuse its discretion in not counting that time as time served. Under Ch.C. art. 915, it is in the court’s discretion to give the juvenile credit for time served while on probation and in non-secure placement. Evangeline Oaks is not considered a secure detention facility. Therefore, the court was not mandated by law to allow credit for time served. Further, the DPSC’s Regulation No. B-04-002 Section 7(F)(5) paragraph three states:
| gTime spent on probation serves only to satisfy probation. It cannot be credited towards a later-imposed sentence of confinement, unless the judge so orders. The La.C.Cr.P. Art.900(5) gives the judge the option to give credit for time served on probation in cases where the probation is being revoked for violation of probation conditions (technical violation).
This regulation indicates that the DPSC’s “policy” of counting any time spent in its custody as a credit for time served is in contradiction of its own regulation and the La. Children’s Code.
We hold that the trial court did not err. It was in the juvenile court’s discretion to allow or not allow credit for any time served in the non-secure facility of Evangeline Oaks, and we find no abuse of that discretion.
AFFIRMED.

. Note that in Judge Janzen's reason for judgement, she stated that A.H. was arrested on February 9, 2001, however, the DOC calculated the arrest date as February 8, 2001. The record shows that the arrest report was dated February 8, 2001.

. State of Louisiana in the Interest of A.H., 01-KH-416.