|,CHEHARDY, Judge.
The Department of Public Safety and Corrections, Office of Youth Development (hereafter “DPSC”), appeals a disposition of the juvenile court that removed custody of a juvenile from DPSC, yet ordered DPSC to maintain supervision over the juvenile. DPSC contends the court’s disposition is erroneous because it exceeds the allowable punishment for the offense for which the juvenile was brought to court and it fails to specify the duration of probation during which the juvenile is subject to the supervision of the DPSC.
. By petition filed on March 18, 1999, the State of Louisiana alleged that A.M. (a girl born on April 5, 1985) violated La.R.S. 14:103, disturbing the peace, “in that she did willfully and unlawfully engage in a *117 fistic encounter, in such manner as would foreseeably disturb or alarm the public.” The petition requested that the court find the child to be delinquent and “render such judgments and orders as [it] may deem just, proper and necessary for the safety and protection of the public and for the welfare of the said child.”
[aThe matter was handled initially through an Informal Adjustment Agreement (IAA).[1] A.M. and her family failed to keep scheduled appointments, however. As a result, on August 17, 1999 the juvenile court set aside the IAA and ordered that the delinquency matter proceed. On January 21, 2000, A.M. entered an admission to the allegations of the petition. The court administered an oral Boykin examination under oath, accepted the admission as being knowing and voluntary, and found a factual basis for the admission.[2] The court ordered a predisposition investigation (PDI) prior to the disposition hearing.
On March 14, 2000, pursuant to the probation department’s recommendation, the court sentenced A.M. to the custody of the DPSC/LTI for ninety days, suspended the sentence, and placed A.M. on active probation for a period of two years, subject to the special conditions of probation outlined in the probation contract.[3] At a further disposition hearing on April 19, 2000, the court ordered A.M. to continue complying with probation and to remain living with her father.
Subsequently the probation officer filed a rule to show cause on constructive contempt, which alleged that A.M. was in violation of four conditions of her probation.[4]
| ¿The rule to show cause was filed simultaneously with a petition to modify the judgment of disposition, which sought to have A.M. assigned to the State’s custody for purposes of placement in a group home facility. Both matters were heard on May 15, 2000. On that date the court found A.M. in constructive contempt of court and sentenced her to fifteen days in detention. In addition, the court awarded custody of A.M. to the DPSC “for purposes of placement in either a structured group home or residential treatment facility which is able to meet all of the recommendations of evaluations.” A second probation contract was executed on that day.
On June 12, 2000, A.M. was placed at Hope Haven. In review hearings on June 22, 2000, September 21, 2000, and December 7, 2000, the court made no change in her placement.
On February 14, 2001, DPSC requested that the court relieve it of custody and supervision over A.M. because the term of her custody period had ended on August 15, 2000. At a placement review hearing on February 15, 2001, the juvenile court ordered that custody of A.M. be removed *118 from DPSC and be granted to. A.M.’s grandmother. However, the court ordered that DPSC continue to provide supervision over A.M. pending further orders of the court and that DPSC ensure that family preservation services were implemented immediately.
On March 2, 2001 DPSC filed a motion for appeal.[5]
|sDPSC makes the following assignments of error:
I. It is an error for time spent in custody in a non-secure facility not to count towards the juvenile’s commitment to the Department of Public Safety and Corrections.
II. It is an error for the Court not to specify the duration of probation when a juvenile is placed in custody of the grandparent subject to the supervision of the Office of Youth Development.

ASSIGNMENT OF ERROR NUMBER ONE

In this assignment DPSC argues that it was error for the trial court not to count the time A.M. spent in Hope Haven, a non-secure facility, toward her commitment to DPSC.
La.Ch.C. art. 808 provides that “[a]ll rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the right to jury trial, shall be applicable in juvenile court proceedings.” La.Ch.C. art. 900(A) states,
A. No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the offense which forms the basis for the adjudication, except that if the child is placed on probation, the term of probation may extend for a maximum of two year's. The court shall give a child credit for time spent in secure detention pnor to the imposition of disposition. [Emphasis added.]
La.Ch.C. art. 915(A) provides,
A. When revoking a previous order of probation, the court may reinstate the original suspended or deferred disposition order and commit the child to the Department of Public Safety and Corrections for the term of that order, with credit for any time served in secure detention prior to the revocation hearing and with or without credit for time served on probation, in the discretion of the court. In no event shall the term of commitment exceed the maximum term of imprisonment |fifor the offense forming the basis for the original adjudication. [Emphasis added.]
The offense of disturbing the peace forms the basis for the adjudication. The maximum term of imprisonment for disturbing the peace is 90 days. La.R.S. 14:103.
DPSC contends that the maximum time spent in its custody cannot be greater than the maximum term of imprisonment for the offense forming the basis of the adjudication. Further, DPSC argues, a juvenile should not serve more time in the custody of the Department than an adult would be required to serve if convicted for the same offense. Appellant asserts that the duration of A.M.’s sentence has been longer than 90 days and that no provisions of law prohibit the running of time spent in a nonsecure program or facility.
*119 In State in Int. of Thacker, 386 So.2d 1050 (La.App. 4 Cir.1980), a juvenile adjudicated delinquent for commission of simple battery was released on parole five days before expiration of her six-month commitment to the Department of Corrections. Subsequently she was charged with parole violation for running away from the home of her grandparents, to whom she had been released. The trial court ordered her committed for up to a year. The Fourth Circuit amended the disposition by reducing the commitment to five days and ordering the juvenile discharged, because the maximum imprisonment for simple battery was six months and the maximum imprisonment for parole violation was the remainder of the original sentence.
This Court recently ruled on what constitutes “secure detention” in juvenile matters. In State in Int. of A.H., 01-416 (La.App. 5 Cir. 6/27/01), 793 So.2d 362, writ denied, 01-2718 and 01-2733 (La.01/25/02), 807 So.2d 247, the juvenile [7court ordered DPSC/OYD to take physical custody of the juvenile following probation revocation. DPSC/OYD filed a motion to terminate the disposition, alleging that the juvenile’s six-month sentence was satisfied. The juvenile court denied the motion and granted the juvenile credit for time served only in a secure facility. DPSC/OYD sought review.
On appeal we found that the juvenile’s placement in a residential treatment facility was protective custody to DPSC/OYD rather than detention custody.[6] Thus, we held the juvenile court did not abuse its discretion in declining to count time spent in protective custody when calculating credit for time served following the revocation of probation. State in Int. of A.H., 793 So.2d at 363-364.
Based on the foregoing, we conclude that A.M.’s placement in Hope Haven treatment facility was protective custody to the DPSC and not detention custody, that the time A.M. spent at Hope Haven ' should not be calculated as time served toward the ninety-day sentence, and that the trial court did not abuse its discretion in not allowing credit for any time served in Hope Haven.

ASSIGNMENT OF ERROR NUMBER TWO

In this assignment DPSC contends that the trial court erred by not specifying the duration of probation and the amount of time juvenile would be subject to the supervision of DPSC when the juvenile was placed in the custody of her grandmother on February 15, 2001.
DPSC argues that under La.Ch.C. art. 903 the disposition must specify the maximum length of commitment.
| sArticle 903(B)(6) states: “The court shall enter into the record a written judgment of disposition specifying ... [t]he maximum duration of the disposition and, if committed to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.”
In State in Int. of S.D., 01-670 (La.App. 5 Cir. 1/29/02), 807 So.2d 1138, DPSC argued that it was an error of law for a court exercising juvenile jurisdiction to place a child in state custody as a condition of probation. DPSC also argued that the disposition was deficient because it placed *120 the child in the custody of DPSC, but failed to specify a maximum term of commitment as spécifically required by La. Ch.C. art. 903(B)(6).
This Court agreed with both contentions. We stated that the judge could have placed the child on probation directly only by placing the child on probation in the custody of her mother or some other natural person pursuant to La.Ch.C. art. 899(A)(3). Or, if the juvenile court judge wished to place the child in the custody of the DPSC, the court had to specify a maximum term of commitment, as required by La.Ch.C. art. 903(B)(6), which could not exceed the maximum term of disposition allowed under La.Ch.C. art. 900(A). For these and other reasons, we vacated the disposition, the conditions of probation, and the order granting custody of the juvenile to DPSC.[7]
We conclude that the juvenile court erred by placing A.M. in the custody of DPSC on May 15, 2000 as a condition of probation and by failing to specify a maximum term of commitment with DPSC. Those errors were inadvertently 19corrected, however, when the juvenile court judge revoked the order awarding custody to DPSC and placed the juvenile back with her grandmother.
The probation period began on March 14, 2000 and this case was submitted to this Court for decision on May 7, 2002. Thus, A.M. has been on probation for more than two years. Pursuant to La.Ch.C. art. 900(A), the maximum time for a term of probation is two years. Accordingly, the juvenile must be released from probation because the maximum term has expired. Thacker, 386 So.2d at 1051. Any error in the court’s failure to specify the amount of time A.M. would be subject to supervision by DPSC while in custody of her grandmother is now moot.
For the foregoing reasons, the disposition on appeal is amended to provide that the court is ordered to release the juvenile, who has fulfilled the maximum term of probation.

AMENDED; RELEASE ORDER ISSUED.

. See La.Ch.C. art. 839, et seq.

. Because A.M. admitted to the allegations of the petition, the facts of the offense were not fully developed. The probable cause affidavit and arrest report state that A.M. was arrested on March 12, 1999, for being involved in a fistfight on school grounds.

. The disposition also contained the standard statutory phrase, "or until her 21st birthday, whichever is sooner.” A.M. was 14 at the time of the disposition; by the time this appeal was submitted for argument, she had recently turned 17.

.The probation officer listed the following violations: The juvenile left home without her father’s permission; she failed to keep the probation officer informed of changes in her personal status, including telephone number and address changes; she failed to abide by a 6:30 p.m. daily curfew; and she failed to cooperate with school authority, refused to complete schoolwork assignments, and showed disrespect to authority in school.

. DPSC also requested a stay. The motion for appeal was granted, but the request for stay was denied. The original return date on the appeal was April 2, 2001; however, the record was not lodged in this Court until February 15, 2002. It is unclear why there was such a long delay between the original return date and the lodging of the record.

. Citing the DPSC department regulation No. B-04-002(P), we noted that the following institutions are considered secure juvenile institutions: Bridge City Correctional Center for Youth, Jetson Correctional Center for Youth, Jena Juvenile Justice Center, Swanson Correctional Center for Youth and Tallulah Correctional Center for Youth. A.H., 793 So.2d at 365.

. Our decision in that matter was rendered after the ruling made the basis of this appeal and while this matter was awaiting completion of the transcript in the juvenile court. Hence, at the time the ruling in this case was made the issue had not been decided in this circuit.