CANNELLA, Judge.
This is an appeal by a juvenile defendant from an adjudication of delinquency, based on his conviction of illegal possession of a stolen vehicle. Defendant was sentenced to eighteen months at the Louisiana Training Institute. We set aside the conviction and sentence, render judgment of guilty of illegal possession of stolen things valued at more than $100 and less than $500 and remand for sentencing.
Defendant assigns as error, the following:
1) The evidence at trial was insufficient to sustain the adjudication of delinquency for having illegally possessed stolen property; and
2) All errors patent.
Defendant was charged by the District Attorney in a petition as having violated La.R.S. 14:69, illegal possession of a stolen thing, a vehicle valued at $10,000. Trial was held on May 20, 1992 and defendant was convicted of the offense and adjudicated a delinquent. The trial court conducted a Review of Placement and Disposition on July 18, 1992 and defendant was sentenced to eighteen months at the Louisiana Training Institute.
In trial, Patrolman Kerry Raines, a Ken-ner Police Department road officer, testified that, on the evening of February 16, 1992, he was parked on a Kenner street, completing a report, when a young black male approached him, saying that several juveniles were “riding around in a stolen car ... a blue Cutlass.” Patrolman Raines began driving in the area, saw the suspect car and followed it. He saw the individuals in the Cutlass look back at him through the rearview mirror. The car drove through a stop sign and the officer activated his light and siren in response. A chase ensued, during which the individuals in the car attempted to escape and committed several other traffic offenses. The car finally stopped and its occupants jumped out and fled from the scene. Defendant, the only person who exited from the driver’s side of the vehicle, was caught and arrested on traffic charges. The vehicle had a center console in the middle of the front seat. After Patrolman Raines secured defendant in his police vehicle, he received information that the car was stolen from New Orleans. The patrolman testified that the keys were in the ignition, the steering column was intact and there was no other damage to the vehicle to indicate that it had been stolen.
The state rested after the testimony of the officer. Defendant moved for a directed verdict, arguing that the state failed to prove two elements of the offense: the car was stolen and defendant knew or had good reason to know that it was stolen. The motion was denied and defendant presented his case.
The juvenile’s mother testified that the car was not stolen, but was “rented” by her husband’s brother in exchange for two grams of cocaine.
Defendant testified that he and a friend, Jonathan Buckley, were being given a ride home when the events occurred. He stated that Haason Johnson told him that he borrowed the car from a friend. Defendant asserted that he ran from the officer because two occupants, Johnson and Shannon Lewis, told him to flee. He contended that he did not know the car was stolen. Defendant admitted that he had a previous conviction for possession of stolen property and knew Johnson did not have a driver’s license or own a car.
La.Ch.C. art. 883 provides that the State must prove, beyond a reasonable doubt, that the child committed a delinquent act alleged in the petition, in order for the court to adjudicate a child delinquent. The standard for the state’s burden of proof is no less strenuous than the proof standard required in a criminal proceeding against an adult. State in the Interest of Tatom, 463 So.2d 35 (La.App. 5th Cir.1985); State in the Interest of D.R., 560 So.2d 57 (La.App. 5th Cir.1990).
In evaluating the sufficiency of evidence to support an adjudication of delinquency in a juvenile matter, the due pro *241 cess standards announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed2d 560 (1979), apply. Under Jackson, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found defendant guilty beyond a reasonable doubt. State in the Interest of D.R., supra; State in the Interest of Tatom, supra.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This does not establish a separate standard from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. Burrow, 565 So.2d 972 (La.App. 5th Cir.1990), writ denied, 572 So.2d 60 (La.1991). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that defendant is guilty beyond a reasonable doubt. State v. Burrow, supra.
Illegal possession of stolen things is defined in R.S. 14:69A as follows:
A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
In order to convict a defendant of this offense, the state must prove, beyond a reasonable doubt, that 1) the property was stolen, and 2) the property was of value, and 3) defendant knew or should have known that the property was stolen, and 4) defendant intentionally possessed, procured, received or concealed the property. State v. Walker, 350 So.2d 176 (La.1977), writ granted, 369 So.2d 139 (La.1979); State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir.1987); State v. Wilson, 544 So.2d 1300 (La.App. 4th Cir.1989).
In his brief defendant contends that the proof, as to the element that the car was stolen, was based on a hearsay report after a license plate check and the hearsay of the informant. The introduction of this evidence, however, was not objected to. It is well settled that failure to object to hearsay or secondary evidence, when admitted at trial, constitutes a waiver of the right to object to its admissibility. Hearsay evidence not objected to constitutes substantive evidence which may be used by the trier of fact to the extent of any probative or persuasive powers that it might have. State v. Boutte, 384 So.2d 773 (La.1980); State v. Franklin, 520 So.2d 1047 (La.App. 3rd Cir.1987). Thus, even if the evidence is hearsay, it was properly considered as proof of the fact the car was stolen. Furthermore, defendant fled from the officer and flight may be considered as evidence of a guilty mind. State v. Petit, 463 So.2d 749 (La.App. 4th Cir.1985), and State v. White, 472 So.2d 130 (La.App. 5th Cir.1985). Viewing the evidence in the light most favorable to the prosecution, we conclude that the state proved that the car was stolen.
The value of the vehicle is an element of the offense and must be proven because it determines the punishment. State v. Bell, 544 So.2d 32 (La.App. 4th Cir.1989); State v. Peoples, 383 So.2d 1006 (La.1980). See: La.R.S. 14:69(B) and La. Ch.C. arts. 898 and 899. Here, the sentence of the trial court is within the statutory range when the value of the things is over $100.
The possible sentence for commission of this crime under La.R.S. 14:69(B) are:[1]
*242 B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the value of the stolen things is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the value of the stolen things is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of receiving stolen things or illegal possession of stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
(4) When the offender has committed the crime of illegal possession of stolen things by a number of distinct acts, the aggregate of the amount of the things so received shall determine the grade of the offense.
In this case, there is little evidence relating to the car’s value. It was a drivable, 1985 Cutlass and the steering column was not damaged.
When the evidence produced by the state does not support the conviction, the court is not required to discharge the defendant if the evidence supports a conviction for a legislatively authorized lesser and included grade of the offense. See: La.C.Cr.P. art. 821; State v. Williams, 610 So.2d 129 (La.1992); State v. Bay, 529 So.2d 845 (La.1988); State v. Byrd, 385 So.2d 248 (La.1980). The proper procedure is for this court to order an entry of a judgment of guilty to the lesser and included grade of the offense and for re-sentencing in accordance with the judgment State v. Williams, supra. See also: State v. Bay, supra; State v. Byrd, supra.
The responsive verdict to illegal possession of a stolen vehicle is not listed among the specially provided for responsive verdicts in La.C.Cr.P. art. 814. However, La.C.Cr.P. art. 815 provides for cases not included in C.Cr.P. art. 814 as follows:
Art. 815. Responsive verdicts; in general
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
Lesser and included offenses are defined as:
An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offense.
Here, the state failed to prove that the value of the car was more than $500. However, the type, condition and age of the vehicle allows us to conclude, beyond a *243 reasonable doubt, that it was worth more than $100. Accordingly, since the value of the thing proven is a lesser grade of the offense, we render judgement of guilty to illegal possession of stolen things valued at more than $100 and less than $500. See: State v. Valery, 532 So.2d 536 (La.App. 1st Cir.1988); (reduced to lesser grade) State v. Blunt, 530 So.2d 678 (La.App. 4th Cir.1988); (reduced to lesser grade), State v. Bruff, 597 So.2d 122 (La.App. 5th Cir.1992) (photographs of car and driveability sufficient for value over $1,000).
Another element of the crime is that the defendant knew or had good reason to know that the property was stolen. The evidence shows that defendant knew Johnson did not own a car and knew he did not have a driver’s license. It also showed defendant claimed to be a passenger, yet was the only person to flee from the driver’s side of the auto, which had a center console between the front seats. The police officer testified that defendant would have had to climb over the console if he had been seated on the passenger side. Insufficient time had elapsed for that possibility to have occurred. Furthermore, defendant ran from the scene and no witnesses appeared at trial to corroborate his version of the events. Viewing this evidence, under the Jackson standard, we conclude that the state proved defendant knew or had good reason to know that the car was stolen and, as well, that he intentionally possessed the stolen property, which satisfies the final element of R.S. 14:60. We therefore, find no reason to reverse the conviction on this basis.
Defendant requests that we review the record for patent error. Although there is no statutory provision which affirmatively grants courts the authority to review juvenile delinquency proceedings for patent error, such a review has been conducted in the past. See: State in the Interest of Handy, 559 So.2d 795 (La.App. 1st Cir.1990). See also: LSA-Ch.C. art. 104 which reads as follows:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceedings accordance with:
1) The Code of Criminal Procedure in a delinquency proceeding and in a criminal trial of an adult.
2) The Code of Civil Procedure in all other matters.
La.C.Cr.P. art. 920 provides: “the following matters and no other shall be considered on appeal: 1) An error designated in the assignments of error; and 2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” Consequently, we find an error patent review appropriate in this case.
For the purpose of an error patent review the “record” in a criminal case included the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Pittman, 585 So.2d 591 (La.App. 5th Cir.1991), writ denied, 586 So.2d 545 (La.1991). A review of the record discloses no error patent.[2]
Therefore, the defendant’s conviction and sentence are hereby set aside and judgment is rendered of guilty of illegal possession of stolen things valued at more than $100 and less than $500. (La.R.S. 14:69(B)(2)). The case is remanded for sentencing.

CONVICTION AND SENTENCE SET ASIDE, JUDGMENT RENDERED, REMANDED FOR SENTENCING.

. Juvenile sentences for felony offenses are governed by La.Ch.C. 898 as follows:
A.No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication.
B. If an order of commitment to custody of the Department of Public Safety and Corrections is subsequently modified and the child is placed on parole, the maximum term of parole shall be the remainder of the sentence originally imposed.
C. These máximums do not apply if:
*242 1) The child was under thirteen at the time of a commitment to custody of the Department of Public Safety and Corrections, in which case the judgment shall terminate upon the child's reaching age eighteen.
2) A portion of an order of commitment was suspended, in which case the term of parole shall end when the time period so suspended has elapsed.
3) The child commits a felony after having been committed to the Department of Public Safety and Corrections or while on probation and is tried as an adult and convicted or pleads guilty, in which case the judgment of disposition in the juvenile court shall terminate as of the date of conviction. The child shall earn no diminution of his felony sentence based upon time served under the order of disposition.
4) The judgment expires by its own terms, is modified, or is vacated.
5) The child reaches age twenty-one.

. A review of the record reveals that the extract of the judgment ordering the commitment states that the juvenile was given credit for time served. However, the minute entry and transcript do not so reflect. Although the transcript generally prevails (State v. Lynch, 441 So.2d 732 (La.1983)), the juvenile is entitled to credit for time served since credit is given to an adult defendant under La.C.Cr.P. art. 880, and the Code of Criminal Procedure applies to juveniles when the children’s code does not provide otherwise. La.C.Ch. art. 104.