HANS J. LILJEBERG, Judge.
|2On January 22, 2012, the Jefferson Parish District Attorney filed a petition in juvenile court, alleging that B.G., a child under the age of 17, was in knowing possession of a handgun in violation of La. R.S. 14:95.8. On February 27, 2013, B.G. was adjudicated delinquent. On March 20, 2013, B.G.’s probation officer, Roberta Brown, filed a Motion to Modify Judgment of Disposition/Revocation of Probation.[1] At the conclusion of the disposition hearing the following day, the trial court committed B.G. to the Office of Juvenile Justice (OJJ) for a term of six months, suspended. The court then placed B.G. on active probation for a period of two years in the non-secure custody of the OJJ. B.G.’s probation revocation proceedings on his previous conviction remained pending at the time this appeal was taken.
The Office of Juvenile Justice now appeals.

Facts

On January 11, 2013, school staff received information from multiple students that B.G. displayed photographs on his iPod Touch of B.G. in physical |3possession of a handgun. The Dean of Students, Monique Barthelemy, requested to view B.G.’s iPod, obtained the password to the device, and viewed the images in question. After confirming that B.G. was in possession of a handgun in the photographs, Ms. Barthelemy requested that Campus Police Lieutenant Annette Askew contact Detective Brian Dew of the Jefferson Parish Sheriffs Office. Detective Dew subsequently viewed the photographs and seized B.G.’s iPod Touch.
On January 14, 2013, Detective Dew obtained a warrant for a forensic search of B.G.’s iPod. Pursuant to the warrant, Detective Nick Vega of the Jefferson Parish Sheriffs Office located the images and obtained information as to the date, time, and global positioning satellite (GPS) coordinates. The photographs reflected B.G. loading a handgun magazine with ammunition and then inserting the magazine inside the handgun. In three of the photographs, five ammunition rounds were seen on the bed between B.G.’s body, his hands, and the handgun. The GPS coordinates for the photographs revealed an address range in close proximity to B.G.’s residence. Based on this information, a search warrant was obtained for the residence.
On January 16, 2013, the search warrant was executed at B.G.’s residence, wherein four boxes of live ammunition were recovered from the air return duct of the air-conditioning system located immediately outside of B.G.’s bedroom. B.G.’s mother, K.G., present during the search, advised that she was unaware of the ammunition or its ownership. On January 17, 2013, an arrest warrant was executed upon B.G., *1213 who was taken to Rivarde Detention Center.
B.G. denied knowledge of the ammunition or handgun.
| ⅜Assignments of Eiror
Appellant, the Office of Juvenile Justice, asserts that the juvenile court erred in placing B.G. in the custody of the OJJ as a condition of probation; and (2) in imposing a disposition that exceeded the maximum term of commitment.

Law & Discussion

Appellant complains that the juvenile court erred in placing B.G. in the custody of the OJJ as a condition of probation. Specifically, appellant asserts that this condition of probation violates La. Ch.C. art. 899. In support of its contention, appellant cites to State in the Interest of S.D., 02-154 (La.App. 5 Cir. 05/15/02), 821 So.2d 116.
In State in the Interest of S.D., supra, the juvenile court placed S.D. on active probation for two years. As a special condition of probation, the court ordered S.D. to be placed in the “state’s custody for purposes of placement in a residential treatment facility.” In a separate order, the court took protective custody of the juvenile and placed S.D. in the custody of the Department of Public Safety and Corrections/Office of Youth Development (DPSC/OYD) pending further orders of the court. On appeal, the DPSC similarly raised and argued that it was an error of law for a juvenile court to place a child in state custody as a condition of probation. This Court agreed, holding that under La. Ch.C. art. 899,[2] |sthe juvenile court judge *1214 may place the child in the custody of his parents or some other suitable person, place the child on probation in the custody of his parents or some other suitable person, commit the child to a [non-DPSC] private or public institution or agency, or commit the child to the custody of the DPSC if the child is at least thirteen at the time of the delinquent act. Id. at 1142. This Court vacated the disposition and conditions of probation, finding that the juvenile court was in error to place S.D. in the DPSC’s custody as a condition of probation, as the DPSC was neither the juvenile’s “parents or some other suitable person.” Id. at 1144.
*1213 A. After adjudication of a misdemeanor-grade delinquent act, the court may:
(1) Reprimand and warn the child and release him into the custody of his parents either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public.
(2) Reprimand and warn the child and release him into the custody of some other suitable person either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public. The court shall, whenever practicable, select a person of the same religious faith as the child or his parents.
(3) Place the child on probation in the custody of his parents or other suitable person.
B. As conditions of probation, if ordered pursuant to Subparagraph A(3) of this Article:
(1) The court shall impose all of the following restrictions:
(a) Prohibit the child from possessing any drugs or alcohol.
(b) Prohibit the child from engaging in any further delinquent or criminal activity.
(2) The court may impose any other term and condition deemed in the best interests of the child and the public, including:
(a) A requirement that the child attend school, if the school admits the child.
(b) A requirement that the child or his parent or legal guardian perform court-approved community service activities. If feasible, the court-approved community service activities shall be conducted by the caretaker and child together.
(c) A requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act.
(d) A requirement that the child participate in any program of medical or psychological or other treatment found necessary for his rehabilitation.
(e) A requirement suspending or restricting the child's driving privileges, if any, for all or part of the period of probation. In such cases, a copy of the order shall be forwarded to the Department of Public Safety and Corrections, which shall suspend the child’s driver’s license or issue a restricted license in accordance with the order of the court.
(f) A requirement prohibiting the child from possessing a firearm or carrying a concealed weapon.
(g) A requirement that the child pay a monthly supervision fee of not less than ten nor more than one hundred dollars per month, payable to the Department of Public Safety and Corrections or other supervising *1214 agency, to defray the cost of supervision. The court may order a parent, tutor, guardian, or other person who is financially responsible for the care of the child to be responsible for payment of all or part of any supervision fee imposed.
C.The court may commit the child to the custody of a private or public institution or agency. When commitment is to be made to a private institution or agency, the court shall:
(1) Select one that has been licensed under state law, if licensure is required by law for such an institution or agency.
(2) Whenever practicable, select an agency or institution of the same religious faith as the child or his parents.
D. If the child is thirteen years of age or older at the time of the commission of the delinquent act, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department’s client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.
E. The court may impose but suspend the execution of the whole or part of any authorized order of commitment and place the child on probation subject to any of the terms and conditions authorized under Paragraph B of this Article.
Likewise, the juvenile judge in this case suspended B.G.’s sentence and placed B.G. on active probation for a term of two years, imposing a condition of probation that B.G. be placed in a non-seeure facility in the custody of the OJJ. As in State in the Interest of S.D., supra, we find that the juvenile court erred in placing B.G. in the custody of the OJJ as a condition of probation as violative of | fiLa. Ch.C. art. 899. Accordingly, we vacate B.G.’s disposition and conditions of probation and remand the matter for further proceedings.
By vacating B.G.’s disposition and conditions of probation, the OJJ’s second assignment of error is rendered moot. However, we note that the OJJ’s assertion that the juvenile court imposed a disposition that exceeded the maximum term of commitment for the adjudicated offense is without merit. See La. Ch.C. art. 903. Instantly, B.G. was twice adjudicated for violating La. R.S. 14:95.8. La. R.S. 14:95.8 states that “on a second conviction, the offender shall be fined not more than five hundred dollars and imprisoned with or without hard labor for not more than two years.” Therefore, the juvenile court’s disposition of two years, had it been properly imposed, would have been legal.

Errors Patent

The record was reviewed for errors patent pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). A review of the record reveals one error patent requiring corrective action.
The trial judge failed to advise B.G. of the two-year prescriptive period for seeking post conviction relief as mandated by La.C.Cr.P. art. 930.8. Therefore, we advise B.G., by this opinion, that no application for post conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of *1215 conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 and 922. See State ex rel. D.W., 09-855 (La.App. 5 Cir. 9/14/10), 47 So.3d 1048, 1064.

yDecree

Considering the foregoing, B.G.’s disposition and conditions of probation are vacated and the matter is remanded for further proceedings consistent with this opinion.

DISPOSITION & CONDITIONS OF PROBATION VACATED & REMANDED

. At the time of adjudication, B.G. was on probation for a previous conviction of La. R.S. 14:95.8.

. Art. 899. Disposition after adjudication of a misdemeanor-grade delinquent act provides: