WICKER, Judge.
1 ¡.Juvenile-appellant appeals his adjudication of delinquency for simple criminal damage to property amounting to less than $500.00 and theft of property valued at less than $500.00. Juvenile-appellant challenges the constitutionality of his guilty pleas and claims that his two, consecutive six-month dispositions are excessive under the circumstances of this case. In response to the appeal, the state asserts that this Court should decline to consider the juvenile’s appeal as untimely. The state contends that the juvenile court erred in granting an out-of-time appeal in this case, asserting that the juvenile-appellant, as a juvenile, is not entitled to seek an out-of-time appeal through post-conviction relief.
For the following reasons, we find that the juvenile court in this case did not err in granting the juvenile an out-of-time appeal and we consider the merits of the appeal. We further find that the juvenile-appellant’s assignments of error, challenging the constitutionality of his guilty pleas and the consecutive nature of | ahis dispositions, lack merit. Consequently, we affirm the juvenile-appellant’s adjudications and dispositions.

STATEMENT OF THE CASE

On April 4, 2014, the Jefferson Parish District Attorney filed a delinquency petition in juvenile court charging the juvenile, H.N.[1], with simple criminal damage to property amounting to under $500.00 in violation of La. R.S. 14:56 (Petition C). On that same date, the state filed a second delinquency petition charging H.N. with theft of property valued at under $500.00 *1245 in violation of La. R.S. 14:67 (Petition D).[2] On April 10, 2014, H.N. denied the allegations in the petitions. On April 30, 2014, H.N. withdrew his former denials and admitted to the allegations in the petitions. On May 13, 2014, the juvenile judge entered consecutive, six-month dispositions on each charge, suspended the dispositions, and placed H.N. on active probation for two years. On May 22, 2014, pursuant to a stipulated order, H.N. entered the Drug Court program.
On August 4, 2014, the state filed a motion to modify the dispositions or to revoke probation, asserting that H.N. had violated curfew, failed to appear for drug screenings, and failed to appear in Drug Court as ordered. The juvenile judge granted the motion, terminating H.N. from the Drug Court program and ordering H.N. to be released to his mother’s custody with intensive probation.
On September 19, 2014, the state filed another motion to modify the dispositions or revoke probation, asserting that H.N. again violated curfew, failed to attend school, and refused to take prescribed medications. On September 23, 2014, the juvenile judge granted modification, committed H.N. to the Office of [ 4Juvenile Justice (OJJ) for two, six-month consecutive sentences, and ordered OJJ to place him in a non-secure facility.
At the modification hearing, H.N.’s counsel objected to the imposition of consecutive, six-month dispositions, arguing that the dispositions should be served concurrently because they are based on the same course of conduct. H.N. subsequently filed a written Motion to Correct Illegal Disposition, which the juvenile judge denied.
On January 6, 2015, OJJ filed a motion to modify the dispositions, asserting that H.N. assaulted another youth and willfully refused to follow rules and procedures at the non-secure facility. On January 8, 2015, the juvenile judge granted the motion and authorized OJJ to move H.N. to a secure facility.[3] On March 4, 2015, H.N. filed a Motion for Out-of-Time Appeal, which the juvenile judge granted, seeking to appeal his May 13, 2014 delinquency adjudication and the subsequent denial of his motion to correct an illegal disposition.[4]

TIMELINESS OF APPEAL

In its appellee brief, the state contends that H.N.’s motion for appeal was untimely, as it was not filed within fifteen *1246 days of the dispositions in accordance with La. Ch.C. art. 332(A).[5] The state further asserts that this Court should decline to consider the merits of H.N.’s appeal because H.N., as a juvenile, is not entitled to seek an out-of-time appeal. The state argues that post-conviction relief, as .[¿outlined in the Code of Criminal Procedure, is inconsistent with the Children’s Code and should not apply to juveniles in delinquency cases. For the following reasons, we disagree.
Article 104 of the Louisiana Children’s Code provides in pertinent part:
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a delinquency proceeding ...
The Children’s Code does not provide for post-conviction relief.[6] However, this Court has consistently found that juveniles must be advised of the two-year prescriptive period to apply for post-conviction relief under La.C.Cr.P. art. 930.8. See State in the Interest of B.D., 13-760 (La.App. 5 Cir. 4/23/14), 140 So.3d 308, 313, writ denied, 14-1093 (La.1/9/15), 157 So.3d 597; State in. the Interest of B.G., 13-445 (La.App. 5 Cir. 10/30/13), 128 So.3d 1211, 1214-15; State in the Interest of D.L., 11-835 (La.App. 5 Cir. 05/22/12), 96 So.3d 580; State in the Interest of D.S., 11-416 (La.App. 5 Cir. 12/28/11), 83 So.3d 1131, 1139; State in the Interest of O.R., 96-890 (La.App. 5 Cir. 2/25/97), 690 So.2d 200; see also State in the Interest of J.D., 13-964 (La.App. 4 Cir. 11/27/13), 129 So.3d 831. Therefore, we find that juveniles are entitled to seek post-conviction relief, including a request for an out-of-time appeal, within the two-year prescriptive period set forth under La.C.Cr.P. art. 930.8.
An adult defendant who has failed to timely appeal his conviction and sentence may seek reinstatement of his right to appeal through an application for post-conviction relief filed in the district court in which the conviction was obtained. State v. Gray, 04-1272 (La.App. 5 Cir. 4/26/05), 902 So.2d 1060, 1061. | 6Similarly, we find a juvenile-defendant may seek reinstatement of his right to appeal his adjudication and disposition in the juvenile court in which the adjudication and disposition was obtained.
In this case, H.N. did not timely file a motion for appeal within fifteen (15) days of the date of his May 13, 2014 adjudications as required under La. Ch.C. art. 332(A). Nevertheless, on March 4, 2015, H.N. sought post-conviction relief by filing a motion for an out-of-time appeal with the juvenile court, which was granted. H.N. timely sought an out-of-time appeal within the two-year prescriptive period set forth under La.C.Cr.P. art. 930.8. Accordingly, we find that H.N. is entitled to post-conviction relief and that H.N.’s motion for an out-of-time appeal was timely filed under La.C.Cr.P. art. 930.8. Consequently, we find that the juvenile judge did not err in granting H.N.’s motion for an out-of-time appeal and we consider the merits of his appeal herein.

*1247
FACTS

Because H.N. pled guilty, the underlying facts were not fully developed at the adjudication hearing. The petitions filed against H.N. allege that, on or about March 17, 2014, H.N. committed simple criminal damage to property, with damage amounting to under $500.00, in violation of La. R.S. 14:56, and further, on that same date, committed theft of property valued under $500.00 in violation of La. R.S. 14:67. During the guilty plea colloquy, H.N. admitted to damaging his mother’s residence and to taking property from her residence without permission to do so.

DISCUSSION

On appeal, H.N. challenges the constitutionality of his guilty pleas and further contends that his two, consecutive six-month dispositions are excessive 17under the circumstances of this case. For the following reasons, we find H.N.’s arguments lack merit and we affirm H.N.’s adjudications and dispositions.

Assignment of Error Number One

H.N. challenges the validity of his guilty pleas,, asserting that the juvenile judge failed to conduct a plea colloquy in conformity with the mandates of the Louisiana Children’s Code and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). H.N. asserts that the juvenile judge failed to advise him of his rights and the ramifications of the pleás, as required by La. Ch.C. art. 855. H.N. further contends that the pleas were not negotiated and voluntary pleas because he received no sentencing advantage as a result of the pleas.
It is well-settled that when a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or through post-conviction relief. State v. Happens, 13-948 (La.App. 5 Cir. 4/23/14), 140 So.3d 293, 299. Only those guilty pleas which are constitutionally infirm may be withdrawn through an appeal or post-conviction relief. Id. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter into a plea by a plea bargain and that bargain is not kept. Id.
A valid guilty plea requires a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation, and the privilege against self-incrimination. Boykin v. Alabama, supra. The due process requirements enumerated in Boykin have been applied to admissions of allegations made by juveniles in Louisiana delinquency proceedings. In re M.B., 12-203 c/w 12-204, 12-205 & 12-206 (La.App. 5 Cir. 10/30/12), 103 So.3d 603, 606; State in Interest of D.S., 95-1019 (La.App. 5 Cir. 4/16/96), 673 So.2d 1123, 1126, writ 8denied, 96-1237 (La.6/21/96), 675 So.2d 1086. Thus, a juvenile must be advised of and waive his right to an adjudication hearing and to confront his accusers, and his privilege against self-incrimination, pri- or to admitting to the allegations made against him in the petition. State ex rel. Q.U.O., 39,303 (La.App. 2 Cir. 10/27/04), 886 So.2d 1188, 1190. There must be an express and knowing waiver of rights, which must be on the record; the record must unequivocally show that the waiver was free and voluntary. State in Interest of C.H., 595 So.2d 713, 714 (La.App. 5 Cir.1992).
Moreover, La. Ch.C. art. 855 sets forth the rights to be given to a juvenile at his *1248 appearance to answer. That article reads as follows:
A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.
B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:
(1) The nature of this delinquency proceeding.
(2) The nature of the allegations of the petition.
(8) His right to an adjudication hearing.
(4) His right to be represented by an attorney, his right to have counsel ap-, pointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.
(5) His privilege against self-inerimination.
(6) The range of responses authorized under Article 856.
(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court may impose pursuant to Articles 897 through 900.
A review of the record in this case reflects that H.N.’s admissions to the allegations in the petitions were entered freely, knowingly, and voluntarily and do not present any factual basis to find the admissions constitutionally infirm. The record reflects that, on April 30, 2014, H.N. was present in court with counsel when his counsel stated that H.N. would withdraw his former denials and enter |fladmissions to two misdemeanors — simple criminal damage to property and theft — as set forth in Petitions C and D.
The record also reflects that H.N. was advised of his Boykin rights. The juvenile judge advised H.N., in terms understandable to him, of his right to an adjudication hearing, his right to confront his accusers, and his privilege against self-incrimination. The judge indicated that H.N. had the right to have the judge listen to all of the evidence and decide if he “did it.” The-judge also stated that the juvenile could “say nothing” and “make the D.A. call the witnesses in to prove you did this.” H.N. stated that he understood all of these rights.[7] Additionally, the juvenile judge informed H.N. of the dispositions he would receive. The juvenile judge asked H.N. if he understood that by entering the admissions, he could be “locked up” for six months on each adjudication, for a total of one year, to which H.N. indicated that he understood.
Following the colloquy, H.N.’s counsel asked the juvenile judge for a referral to drug court. The judge subsequently set the matter for disposition in two weeks and stated that she would order that a referral be made to drug court. Although H.N. received the maximum disposition on each adjudication, it appears that he did receive a benefit by entering the admissions. The record indicates that H.N. may have entered admissions in exchange for his enrollment in drug court, which also allowed him to remain in his home with his mother rather than placement in a non- *1249 secure or secure facility.[8]
Although the record reflects that the juvenile judge did not advise H.N. of every right listed in La. Ch.C. art. 855 at the time he admitted the allegations | inagainst him, the record does reflect that H.N. was represented by counsel both at his initial appearance to answer, at which time he denied the allegations against him, and at the time of his pleas when he admitted to the allegations against him. Further, the juvenile judge advised H.N. of his right to an adjudication hearing, to remain silent, and to confront the witnesses against him. The juvenile judge further determined that the admissions were not a result of force or coercion and asked H.N. if he actually committed the offenses alleged, to which he responded affirmatively. After a factual basis for the pleas was provided, the juvenile judge informed H.N. of the dispositions he would receive as a result of his admission. Under the facts of this case, we find that any error in the trial judge’s failure to fully comply with La. Ch.C. art. 855 is harmless and does not affect the voluntariness of the plea agreement. See State in the Interest of D.D., 11-1884 (La.App. 3 Cir. 3/7/12), 86 So.3d 171; State in the Interest of J.G., 94-194 (La.App. 5 Cir. 7/26/94), 641 So.2d 633.
Accordingly, we find that the .transcript reflects that H.N. was properly informed of his Boykin rights and that he freely and voluntarily waived those rights. Therefore, H.N.’s argument challenging the constitutionality of his guilty pleas is without merit.

Assignment of Error Number Two

In his second assignment of error, H.N. claims that his two, consecutive six-month dispositions are excessive under the circumstances of this case. The state responds that the dispositions were not excessive considering H.N.’s history of being a runaway, substance abuse,’ and escalating criminal behavior. The state further asserts-that the consecutive dispositions allowed H.N. to participate in and gave him. the opportunity to complete the twelve-month drug court program, which opportunity ultimately was lost due to H.N.’s positive drug screenings, failure to I,-iappear at drug screenings, curfew violations, and failure to comply with other program rules.
This Court has consistently found that La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a constitutionally valid guilty plea agreement.[9] State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. The record reflects that, during the plea colloquy, the juvenile judge asked H.N. if he understood that if he admitted to the allegations against him that he could be “locked up” for six months on each adjudication, for a “total of one (1) year[,]” to which H.N. *1250 replied “yes ma’am, I do.” Therefore, the consecutive, six-month dispositions on each adjudication, which fall within the statutory sentencing ranges, were imposed in conformity with the plea agreement. Therefore, La.C.Cr.P. art. 881.2 precludes review of H.N.’s dispositions on appeal.
Nevertheless, even if we were to consider the dispositions imposed, we would not find the dispositions to be unconstitutionally excessive. When excessive commitment in a juvenile proceeding is alleged, the appellate court must review the record to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child’s needs, and the best interest of society. La. Ch.C. art. 901(B); In re D.W., 13-114 (La.App. 5 Cir. 9/18/13), 125 So.3d 1180, 1190. Because of the special nature of the proceedings, a juvenile court has much discretion and must balance the needs of the child with the best interest of society. Id. In this case, the consecutive, six-month dispositions allowed H.N. to participate in a twelve-month drug court program. Further, considering the record, which demonstrates H.N.’s escalating criminal [12behavior and non-compliance with probation requirements, we find that the consecutive, six-month dispositions were not unconstitutionally excessive under the facts of this case.

ERRORS PATENT REVIEW

The Louisiana Children’s Code is silent as to whether a juvenile criminal proceeding is entitled to an errors patent review on appeal. However, this Court has found that an errors patent review is mandated under La.C.Cr.P. art. 920 and has previously conducted errors patent reviews in juvenile matters. See State ex rel J.A.J., 13-245 (La.App. 5 Cir. 10/30/13), 128 So.3d 449, 455; State in the Interest of C.D., 95-160 (La.App. 5 Cir. 6/28/95), 658 So.2d 39, 41; In re D.W., supra, 125 So.3d at 1195.
The record reflects that the juvenile judge failed to advise H.N. of the two-year prescriptive period for seeking post-conviction relief as mandated by La. C. Cr.P. art. 930.8. Therefore, we advise H.N., by this opinion, that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 and 922. See State in the Interest of D.W., 09-855 (La.App. 5 Cir. 9/14/10), 47 So.3d 1048, 1063.

CONCLUSION

Accordingly, for the above reasons, H.N.’s adjudications and dispositions are affirmed.

AFFIRMED.

. Pursuant to La. Ch.C. art. 412, and to maintain the confidentiality of the proceedings, initials are used to identify the juvenile.

. The record reflects that, on April 3, 2014, the juvenile court conducted a continued custody hearing, after which the juvenile judge found probable cause as to criminal damage to property in violation of La. R.S. 14:56 and theft of less than $500.00 in violation of La. R.S. 14:67.

. The record reflects that on November 24, 2014, H.N. was arrested for an unrelated car theft. On November 25, 2014, the juvenile judge held a hearing at which the judge found probable cause for continued custody.

. H.N. initially appealed his May 13, 2014 dispositions through a motion for appeal filed in the juvenile court on December 23, 2014. This Court dismissed H.N.'s appeal, finding that it lacked jurisdiction to consider the appeal. State ex rel. H.N., 15-97 (La.App. 5 Cir. 3/11/15), — So.3d —. On rehearing, however, this Court recalled its original opinion and found that it did have jurisdiction to consider the appeal; however, this Court then determined that the appeal was premature. State ex rel. H.N., 15-97 (La.App. 5 Cir. 3/13/15),2015 LEXIS La.App. 526. At the time that this Court considered the appeal on rehearing, H.N. had already filed his motion for out-of-time appeal in the juvenile court, which had been granted; thus, the current appeal was pending. Id.

. La. Ch.C. art. 332(A) provides that a juvenile must appeal within fifteen (15) days of the mailing of the notice of the judgment. The State submits in its brief that because the juvenile court does not mail judgments in delinquency proceedings, the date the judgment is signed triggers the time delays for an appeal of the adjudication and disposition, citing La. Ch.C. arts. 902 and 903(E). The record in this case does not reflect that the adjudication judgment was mailed.

. See also La. Ch.C. art. 803.

. The judge also questioned H.N.'s mother who indicated that she thought her son should enter these admissions.

. During the colloquy, the juvenile’s attorney requested a referral to drug court. The record reflects that on May 22, 2014, H.N. entered into a stipulated order which set forth the dispositions and provided for his participation in drug court. Although not a stated condition of the plea, the Stipulated Order, signed by H.N., his counsel, his mother, and the district attorney, indicated that the juvenile court retained jurisdiction to modify H.N.’s placement if he successfully completes the drug court program.

. The Louisiana Children's Code does not provide for appellate review of dispositions entered pursuant to a plea agreement. Therefore, the articles of the Louisiana Criminal Code of Procedure apply. See La. Ch.C. art. 803 and La. Ch.C. art. 104.