MARC E. JOHNSON, Judge.
I «..The Louisiana Department of Public Safety and Corrections, Office of Juvenile Justice (“OJJ”), appeals the juvenile court’s judgment of disposition which suspended the juvenile, G.L.’s,[1] dispositions, placed her on probation, and committed her to the custody of the OJJ for the purpose of non-secure placement. For the reasons that follow, we vacate C.L.’s dispositions and remand the matter for further proceedings.
On January 7, 2015, the State filed petitions against C.L. charging her with simple escape in violation of La. R.S. 14:110 (Petition “A”), alleging she unlawfully de *606 parted the custody of Rivarde Detention Center where she was confined, and battery of a correctional facility employee in ■violation of La. R.S. 14:34.5 (Petition “B”), both of which are felony-grade delinquent acts.[2] On March 4, 2015, C.L. admitted to both charges. Thereafter, on March 31, 2015, the juvenile court entered a disposition committing C.L. to the OJJ for six months on the simple escape adjudication and two years on the battery on a correctional facility employee adjudication, to run concurrently with each other. The court | .^suspended the dispositions and placed C.L. on probation until her 18th birthday. The court further placed C.L. in the custody of the OJJ for the purpose of nonsecure placement. The OJJ appeals these dispositions.
In its sole assignment of error, the OJJ argues that the juvenile court erred by placing C.L. in the State’s custody after placing her on probation with a suspended disposition. The OJJ maintains that once the juvenile court placed C.L.- on probation, it is prohibited under La. R.S. 15:901(B) and La. Ch.C. art. 897 [3] from placing her in. the custody of the OJJ. The OJJ also asserts that it is contradictory for a juvenile court to place a child on probation and award custody of that same child to the OJJ as a condition of probation.
As pointed out by'the OJJ, we addressed this same issue in State in the Interest of B.G., 13-445 (La.App. 5 Cir. 10/30/13); 128 So.3d 1211. In that case, the juvenile court entered a disposition committing the juvenile to the OJJ for a term of six months for a misdemeanor-grade delinquent act, suspended'the disposition, and placed the juvenile on active probation for two years in the non-secure custody of the OJJ. Relying on La. Ch.C. art. 899 and our previous case of State in the Interest of S.D., 01-670 (La.App. 5 Cir. 1/29/02); 807 So.2d 1138, we found that the court erred in placing the juvenile in the custody of the OJJ for non-secure placement as a condition of probation. As such, we vacated the juvenile’s disposition and remanded the matter for further proceedings. State in the Interest of B.G., supra at 1214.
Similar to La. Ch.C. art. 899, which addresses the disposition after adjudication of misdemeanor-grade delinquent acts, Article 897(A) provides that after adjudication of any felony-grade delinquent act other than those described in |4Article 897.1,[4] the_ juvenile court judge may place the child in the custody of his parents or some other suitable person, place the child on probation in the custody of his parents or some other suitable person, commit the child to a non-Department of Public Safety and Corrections (“DPSC”) private or public institution or agency, or commit the child to the custody of the DPSC.
When the child is committed to the custody of the DPSC,. Subsection D of La. Ch.C. art. 897 allows the court to recommend that the child be placed in alternative care facilities through the department’s client placement-process or be referred to appropriate placement resources in the state available through public or private agencies.. And, Subsection E allows the court to impose and *607 suspend the whole or any part of the or-dqr of commitment and place the child on probation subject - to the conditions in Subsection B.
We have previously held that neither this language, found in La. Ch.C. arts. 897 and 899, nor the jurisprudence authorizes placing a juvenile on probation in the custody of the OJJ. See State in the Interest of B.G., supra, and State in the Interest of S.D., supra. In so holding, we explained that “[t]he DPSC ... is responsible to either take custody of minors or provide services for those on probation, and we are not convinced that the legislature envisioned the DPSC functioning in both capacities simultaneously on behalf of any individual minor.” State in the Interest of S.D., 807 So.2d at 1144 (emphasis as found in original). We find no reason to depart from our established jurisprudence.
Accordingly, we find that the juvenile court erred in placing C.L. in the custody of the OJJ while simultaneously-placing her on probation. Therefore, we must vacate C.L.’s dispositions and remand the matter for the imposition of proper dispositions.

J¿ERRORS PATENT REVIEW

Although the Louisiana Children’s Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review on appeal, we have conducted’ such review under the mandates of La. Ch.C. art. 104 and La.C.Cr.P. art. 920. See State in the Interest of B.J., 617 So.2d 288, 243 (La.App. 5th Cir.1993). We note the following errors that require correction.
First,- there is a discrepancy between the transcript and the March 4, 2015 minute entry-judgment regarding the offense for which C.L. was adjudicated under Petition A. The transcript of the adjudication hearing clearly shows that C.L. admitted to simple escape; however, the minute entry-judgment reflects that her adjudication was for attempted simple escape.[5] And, while the State erroneously stated during the disposition hearing that C.L. was adjudicated for attempted simple escape, the transcript of the disposition hearing shows that the. juvenile court imposed a disposition for simple escape.[6] Additionally,, Petition A charges C.L. with simple escape and nothing in the record shows that this charge was amended.
Where there is a conflict between the transcript and the minute entry, the transcript prevails. State in the Interest of B.D., 13-760 (La.App. 5 Cir. 4/23/14); 140 So.3d 308, 314, writ denied, 14-1093 (La.1/9/15); 157 So.3d 597, citing State v. Lynch, 441 So.2d 732, 734 (La.1983). Therefore, we remand this matter to the juvenile court with instructions to amend the minute entry-judgment to reflect the proper offense for which C.L, was adjudicated as reflected in the transcript.
1 ¡¡Second, although we are vacating C.L.’s dispositions, we note that the juvenile court failed to give C.L. credit for time served in secure detention prior to the imposition of disposition as required by La. Ch.C. art. 898(A).[7]. Article 898(A) pro *608 vides in pertinent part, [t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition.” While we recognize that the 1997 amendment to La.C.Cr.P. art. 880 effectively made the requirement that a defendant receive credit for time spent in custody prior to the imposition of sentence self-activating in an adult proceeding, the legislature failed to similarly amend La. Ch.C. art. 898(A). Therefore, we And the juvenile court is required to actively give a juvenile credit for time served. See State in the Interest of A.B., 09-870 (La.App. 3 Cir. 12/9/09); 25 So.3d 1012, 1017. As such, we instruct the trial court to comply with La. Ch.C. art. 898(A) upon entering dispositions on remand.
Finally, we note that the juvenile court failed to advise C.L. of the two-year prescriptive period for seeking post-conviction relief as mandated by La.C.Cr.P. art. 930.8. See State in the Interest of H.N., 15-173 (La.App. 5 Cir. 6/30/15); 171 So.3d 1242, 1246 (while the Children’s Code does not provide for post-conviction relief, this Court has consistently found that juveniles must be advised of the two-year prescriptive period to apply for post-conviction relief under La.C.Cr.P. art. 930.8). Accordingly, we instruct the trial court to advise C.L. of this time period for seeking post-conviction relief pursuant to La.C.Cr.P. art. 930.8 when it imposes dispositions on remand.

DECREE

Based on the foregoing, C.L.’s dispositions are vacated and the matter is remanded for the imposition of proper dispositions. Additionally, the juvenile court is instructed to correct the March 4, 2015 minute entry-judgment to properly 17reflect that C.L. was adjudicated for the offense of simple escape as opposed to attempted simple escape. Further, the juvenile court is instructed to give C.L. credit for time served and to advise her of the two-year prescriptive period for applying for post-conviction relief when it imposes dispositions on remand.

DISPOSITIONS VACATED: REMANDED

. In order to maintain the confidentiality of this juvenile proceeding as required by La. Ch.C. art. 412, initials are used to identify the juvenile appellee, who was 14 years old at the time of the charged offenses. See State in the Interest of S.L., 11-883 (La.App. 5 Cir. 4/24/12); 94 So.3d 822, 827, n. 1.

. Both offenses may be punished by imprisonment at hard labor and, thus, are defined as felonies, La. R.S. 14:2(A)(3).

. In its appellate brief, the OJJ references La. Ch.C. art. 899, which refers to the adjudication of misdemeanor-grade delinquent acts; however, C.L. was adjudicated for felony-grade delinquent acts, which are governed by Article 897.

.La. Ch.C. art. 897.1 is inapplicable in the present case.

. The transcript shows:
THE COURT: You understand you’re admitting to a simple escape and a batteiy on a correctional facility employee?
C.L.: Yes Ma’am.

. The transcript reflects:
THE COURT: At this time the Court is going to sentence [C.L.] to the Office of Juvenile Justice for a period of 6 months on the simple escape....

.While the disposition judgment reflects C.L. was given credit for time served, the disposition transcript and the minute entiy-judgment do not. The transcript prevails. State v. Lynch, supra.